COURTESY COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of
ARBITRATION OF DISPUTES

between

LAUNDRY, DRY CLEANING WORKERS AND
ALLIED INDUSTRIES HEALTH FUND, UNITE HERE! and
LAUNDRY, DRY CLEANING WORKERS AND
ALLIED INDUSTRIES RETIREMENT FUND, UNITE HERE!,
      Petitioners,

and

PRINCETON LAUNDRY, INC.,
      Respondent.

---

NOTICE OF PETITION
07 CIV. 8805(CM)

**MEMO ENDORSED**

Sir(s):

   **PLEASE TAKE NOTICE**, that upon the annexed Petition of Mark Schwartz, Esq. duly verified the 21st day of November 2007, and the accompanying Memorandum of Law, the undersigned will Petition this Court, before the Honorable Colleen McMahon, on the 10th day of December 2007, at 10:00 A.M, in the morning of that day, or as soon thereafter as counsel may be heard, for an order confirming the arbitration award of Philip Ross, dated August 30, 2007, and granting the Petitioners judgment in the amount of $38,883.13 together with the interest on the principal amount from the date of the Arbitration Award to the date of the judgment, plus costs and such other and further relief as in the premises may be just.

Dated: November 21, 2007
       New York, New York

Yours, etc.

*Mark Schwartz* (signature)

Mark Schwartz, Esq. MS-0148
Attorney for Petitioners
730 Broadway, 10th Floor
New York, New York 10003
(212) 539-5275

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/07

To:   Princeton Laundry, Inc.
      2 Wood Street
      Paterson, New Jersey 07501

*[Handwritten memo endorsement, dated 12/20/07:]* No response having been received, and the petition having merit, it is granted and the Clerk of the Court is directed to enter judgment confirming the award. /s/ McM.

COURTESY COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
ARBITRATION OF DISPUTES

between

LAUNDRY, DRY CLEANING WORKERS AND
ALLIED INDUSTRIES HEALTH FUND, UNITE HERE! and
LAUNDRY, DRY CLEANING WORKERS AND
ALLIED INDUSTRIES RETIREMENT FUND, UNITE HERE!,
                            Petitioners,

and

PRINCETON LAUNDRY, INC.,
                            Respondent.

07 CIV. 8805(CM)

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION TO CONFIRM ARBITRATION AWARD

### Factual Background

The facts relevant to the instant memorandum are fully recited in the accompanying Petition of Mark Schwartz, duly verified the 21st day of November 2007.

### INTRODUCTION

This proceeding has been brought to confirm an arbitration award dated August 30, 2007, in which Philip Ross (hereinafter, the "Arbitrator"), found that Princeton Laundry, Inc. (hereinafter, the "Respondent"), was obligated by the terms of a Collective Bargaining Agreement to make employee benefit contributions to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! and the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! (hereinafter, the "Funds"), and granted the Trustees of the Funds (hereinafter, the "Petitioners"), recovery as to delinquent amounts. For the reasons set forth below, this Court has jurisdiction over the subject matter and over the person of the Respondent and is, therefore, the proper forum for a Petition to Confirm that Arbitration Award.

POINT I

THIS COURT HAS SUBJECT MATTER
JURISDICTION HEREIN

Section 515 of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA"), 29 U.S.C. §1145, provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

As found by the Arbitrator, Respondent has failed to make contributions to the Funds as required by a Collective Bargaining Agreement.

Section 502(a)(3, 29 U.S.C. § 1132 (a)(3), states that:

> A civil action may be brought by a Participant, beneficiary or fiduciary ... to redress such violations (of title I of ERISA, 2-608, 29 U.S.C. § 1001-1168).

As fiduciaries of the Fund, Petitioners have standing to bring this proceeding, which seeks redress of Respondent's violation of ERISA Section 515.

This Court has jurisdiction to hear this proceeding under Section 502(f) of ERISA, which provides:

> The district courts of the United States shall have jurisdiction, without regard to the amount in controversy or citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

As shown above, this is an action for relief under subsection (a) of Section 502 of ERISA.

The Petitioners also bring this Petition pursuant to Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). Section 301(a) vests the federal courts with the power and jurisdiction to confirm an arbitration award made in accordance with a collective bargaining agreement in the labor relations context. Sheet Metal Contractors Assoc. of New York City v. Local Union No. 28 of N.Y., 301 F. Supp. 553 (S.D.N.Y. 1969).

It is well established that agreements requiring employee benefit contributions are contracts within the meaning of Section 301(a), Savoretti v. Hotel & Restaurant Emp. and Bartenders, 407 F. Supp 1286 (S.D.N.Y. 1979), and that trustees of an employee benefit fund may maintain an action under that section. Whelan v. Colgan, 602 F. 2nd 1060 (2d. Cir. 1979). [See also, Santos v. District Council of New York City, etc., 619 F. 2d 963 (2d. Cir. 1980)], holding that the prevailing party in a labor arbitration proceeding may seek court enforcement of the award under Section 301(a).

## POINT II

### THIS COURT HAS PERSONAL
### JURISDICTION OVER RESPONDENT

Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where defendant resides or may be found, a process may be served in any other district where defendant resides or may be found.

As stated in the Petition, Petitioners Plan is administered within the Southern District of New York. Thus, venue is proper in this Court.

The last clause of section 502(e)(2) authorizes nationwide service of process on a defendant, regardless of the district in which the action is brought. See Rodd v. Region Construction Co., 783 F. 2d 89 (7th Cir. 1986). As Respondent was personally served with process within the district of New Jersey, this Court has obtained personal jurisdiction. Personal service of the Petition to Confirm the Arbitration Award was made in the manner permitted by Fed. R. Civ. P. 4. Accordingly, this Court has personal jurisdiction over the Respondent.

## POINT III

### THE FUND IS ENTITLED TO RECOVER
### PRE-JUDGMENT INTEREST AND
### LIQUIDATED DAMAGES, TOGETHER
### WITH COSTS AND ATTORNEY FEES

ERISA Section 502(g)(2), 29 U.S.C. 1132(g)(2) provides, in pertinent part:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515, in which a judgment in favor of the plan is awarded, the court shall award the plan
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of --
>    (i) interest on the unpaid contributions, or
>    (ii) liquidated damages provided for under the plan...
> (D) reasonable attorney fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan.....

As demonstrated above, this Petition is an action to enforce Section 515 of ERISA.

The Plan Rules for the Fund (Exhibit B to Petition) provide for interest at the rate of 18% on all sums due and liquidated damages equal to 20% of the delinquent contributions.

The Arbitrator has already awarded the Fund liquidated damages and interest up to the date of the Arbitration Award. Pursuant to ERISA Section 502(g)(2), however, the Fund is also entitled to interest and liquidated damages on the past due amount through the date of judgment. In addition, the Fund should recover its reasonable costs and attorneys' fees incurred in connection with this Petition.

## CONCLUSION

PETITIONERS' PETITION SHOULD BE GRANTED AND AN ORDER ISSUED CONFIRMING THE ARBITRATION AWARD AND DIRECTING ENTRY OF JUDGMENT, IN THE AMOUNT OF $38,883.13 TOGETHER WITH 18% INTEREST AND 20% LIQUIDATED DAMAGES, FROM THE DATE OF THE ARBITRATION AWARD TO THE DATE OF JUDGMENT, PLUS COSTS AS PROVIDED BY LAW.

Dated: November 21, 2007
New York, New York

Respectfully submitted,

Mark Schwartz, Esq. MS-0148
Attorney for Petitioners
730 Broadway, 10th Floor
New York, New York 10003
(212) 539-5275