```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In the Matter of                               :
ARBITRATION OF DISPUTES                        :
                                               :
         between                               :
                                               :
LAUNDRY, DRY CLEANING WORKERS                  :
AND ALLIED INDUSTRIES HEALTH FUND,             :   07 Civ. 8805 (CM) (AJP)
UNITE HERE! and LAUNDRY, DRY                   :
CLEANING WORKERS AND ALLIED                    :
INDUSTRIES RETIREMENT FUND,                    :
UNITE HERE!,                                   :
                                               :
                          Petitioners,         :
                                               :
         and                                   :
                                               :
PRINCETON LAUNDRY, INC.,                       :
                                               :
                          Respondent.          :
------------------------------------------------------------X
```

## RESPONDENT PRINCETON LAUNDRY, INC'S ANSWER TO PETITIONERS' PETITION TO CONFIRM ARBITRATION AWARD

Respondent Princeton Laundry, Inc. ("Respondent"), by and through its attorneys, Klein Zelman Rothermel LLP, as and for its Answer to Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! and Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE!'s (collectively "Petitioners") Petition, states as follows:

1. Respondent admits that counsel for Petitioners, Mark Schwartz, Esq., is admitted to practice before the courts of the State of New York and before this Honorable Court; Respondent further admits that Mr. Schwartz has submitted this Petition on behalf of Petitioners and that it purports to seek an order confirming an Arbitration Award of Philip

{00087524;1}                                    1

Ross dated August 30, 2007, but denies knowledge or information sufficient to form a belief as to each and every other allegation contained in paragraph 1 of the Petition.

2. The allegations set forth within paragraph 2 of the Petition call for a legal conclusion to which no response is required. To the extent a response is required, Respondent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Petition.

3. Respondent denies each and every allegation contained in paragraph 3 of the Petition, but admits that that Respondent is located at 2 Wood Street, Paterson, New Jersey 07501.

4. Respondent admits the allegations contained in paragraph 4 of the Petition.

5. Respondent admits the allegations contained in paragraph 5 of the Petition.

6. Admits that a dispute was referred to an arbitrator for arbitration on August 30, 2007, but denies each and every other allegation contained in paragraph 6 of the Petition.

7. Respondent admits the allegations contained in paragraph 7 of the Petition.

8. Respondent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Petition.

8a. Respondent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8a of the Petition.

8b. Respondent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8b of the Petition.

8c. Respondent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8c of the Petition.

8d. Respondent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8d of the Petition.

9. The allegations set forth within paragraph 9 of the Petition call for a legal conclusion to which no response is required. To the extent a response is required, Respondent denies each and every allegation contained in paragraph 9 of the Petition.

10. Respondent admits the allegations contained in paragraph 10 of the Petition, but denies knowledge or information sufficient to form a belief as to the truth or falsity of whether Arbitrator Philip Ross considered evidence at the hearing, and denies that any of the amounts set forth in paragraph 10 of the Petition are due and owing.

11. Respondent admits the allegations contained in paragraph 11 of the Petition.

12. Respondent admits the allegations contained in paragraph 12 of the Petition.

13. Respondent admits that Petitioners are attempting to invoke this Court's jurisdiction pursuant to the law cited in the Memorandum of Law, but otherwise avers that the allegations contained in paragraph 13 and the Memorandum of Law call for a legal conclusion to which no response is required. To the extent that a response is required, Respondent denies the remaining allegations contained in paragraph 13 of the Petition.

14. The allegations set forth within paragraph 14 of the Petition call for a legal conclusion to which no response is required. To the extent a response is required, Respondent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Petition.

15. As to the unnumbered **"WHEREFORE"** paragraph, Respondent denies that Petitioner is entitled to any form of relief.

## AFFIRMATIVE DEFENSES

16. Without admitting any of the allegations contained in the Petition and/or assuming the burden of proof as to any of the following defenses where the law does not impose such burden on respondents, Respondent alleges as follows:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. The Petition, in whole or in part, fails to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18. In or after June but not later than July 11, 2007 the Union did not represent any of Respondent's employees.

19. In or after June but not later than July 11, 2007, any collective bargaining agreement previously entered into between the parties no longer covered Respondent's employees.

20. Any obligations to make contributions under the collective bargaining agreement ceased on or after June but not later than July 11, 2007.

21. Respondent does not owe any sum for periods after June but not later than July 11, 2007.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22  At all relevant times hereto, Respondent acted in good faith and did not violate any rights of Petitioners under any contract or any federal, state or local laws, rules, regulations or guidelines.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

23. The underlying arbitration award should be vacated, modified, corrected, or set aside because the arbitrator lacked jurisdiction to render such award.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

24. The underlying arbitration award forces Respondent to pay contributions in violation 29 U.S.C. § 186 (2000).

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

25. The underlying arbitration award violates the National Labor Relations Act.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

26. The underlying arbitration award should be vacated, modified, corrected, or set aside because the arbitrator acted in manifest disregard of the applicable laws.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

27. The underlying arbitration award should be vacated, modified, corrected, or set aside because enforcement of the award would violate public policy.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

28. The underlying arbitration award must be vacated, modified, corrected, or set aside because it is arbitrary and capricious.

Respectfully submitted,

KLEIN ZELMAN ROTHERMEL LLP

By: _____
Jane B. Jacobs (JJ –2925)
Attorney for Respondent
485 Madison Avenue
New York, New York 10022
(212) 935 – 6020.